CALLAHAN, Circuit Judge,
with whom Judges TALLMAN and N.R. SMITH join, specially concurring:
Our review of the restitution order is controlled by United States v. Kennedy, 643 F.3d 1251, 1263-64 (9th Cir.2011), but if I were writing on a blank slate, I would affirm because $3,000 is a reasonable assessment of the victims’ losses attributable to Aguirre’s offense.
As the district court indicated here, and we noted in Kennedy, it is difficult to determine the extent to which a defendant’s possession of Amy’s and Vicky’s images can be said to have proximately caused their trauma and need for counseling because countless individuals, most of whom will never be discovered, have contributed to their need for lifetime counseling by exchanging their images. In Kennedy, we focused on the government’s failure to establish that Amy and Vicky needed additional counseling after finding out that the defendant possessed their images. Id. at 1263-64, 1264-65. In my view, this focus sets too narrow of a causation standard in light of the law’s approach to issues of concurrent independent causes, as well as Congress’s intent to fully compensate victims of child pornography.
In general, courts have recognized that “where there are concurrent independent causes, our law provides one cannot escape responsibility for his [actions] on the ground that identical harm would have occurred without it. The proper rule for such situations is that the defendant’s conduct is a cause of the event because it is a material element and a substantial factor in bringing it about.” Mitchell v. Gonzales, 54 Cal.3d 1041, 1 Cal.Rptr.2d 913, *674 819 P.2d 872, 876 (1991) (alteration marks omitted); see also Kilburn v. Socialist People’s Libyan Arab Jamahiriya, 376 F.3d 1123, 1129 (D.C.Cir.2004) (“Such a case, in which application of a ‘but for’ standard to joint tortfeasors could absolve them all, is precisely the one for which courts generally regard ‘but for’ causation as inappropriate.”). Each concurrent cause can be said to be a substantial factor if it was independently sufficient to cause the harm. Restatement (Second) of Torts, § 432(2).
Absolving Aguirre of liability simply because he is one of countless individuals who have contributed to Amy’s and Vicky’s losses would frustrate Congress’s goal “to ensure that the loss to crime victims is recognized, and that they receive the restitution that they are due” and “to ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim.” S.Rep. No. 104-179, at 12 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 925. The causation standard we set in Kennedy may insulate all but the producer and original distributor of child pornography from liability for the victims’ damages, even though the possession and trading of the victims’ images has wrought separate and more long-term losses, and even though Congress intended to reach such losses by including possession crimes as part of the mandatory restitution scheme.
The victim statements establish that Amy’s and Vicky’s knowledge of any individual possessing or trading their images causes them trauma, invades their privacy, and prolongs their recovery, all of which contribute to their lifetime counseling costs. Each individual adds to the cumulative trauma from the widespread dissemination of the images, but also causes fresh trauma: as Vicky describes, “it feels like I am being raped by each and every one of them.” This circumstantial evidence supports the inference that Aguirre’s offense was independently sufficient to cause a portion of Amy’s and Vicky’s losses.[1]
The district court’s order of $3,000 would cover approximately 18 to 20 counseling sessions for Amy and Vicky and is a portion of their losses fairly attributable to Aguirre’s offense.
Thus, if not bound by Kennedy, I would affirm the restitution order.

. Moreover, it is foreseeable that Aguirre's possession of the images of Amy’s and Vicky's sexual abuse as children would result in their need for some amount of counseling. Although Aguirre may have believed he was committing a victimless crime when he downloaded and possessed the images, common sense requires the recognition that Amy and Vicky would feel traumatized, violated, exploited, humiliated, and vulnerable if they discovered that he had these intimate images of their sexual abuse as children.